UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> § <br> v. § <br> § <br> CHARLES RUNNELS, § <br> § <br> Defendant. § | CRIMINAL NO. 3:08-CR-0167-B-5 |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Charles Runnels's Motion for Compassionate Release (Doc. 798). For the following reasons, the Court **DENIES** Runnels's Motion for Compassionate Release **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

In 2009, Runnels was convicted for conspiracy to commit bank robbery, possessing a firearm while committing a crime of violence, attempted bank robbery, being a felon in possession of a firearm, assaulting an FBI officer, and bank robbery. *See generally* Doc. 238, Verdict. Runnels received 25 life sentences when he was resentenced in 2012. Doc. 511, Am. J., 2. Runnels is 59 years old and is serving his sentence at Yazoo City Correctional Institution.[1]

Runnels filed a Motion for Compassionate release, where he challenges the legality of his sentence and argues that his rehabilitation efforts support granting him compassionate release. Doc.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed August 5, 2025).

798, Mot., 2.[2] The Court considers the Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, § 3582(c) provides limited exceptions to this general rule. *See id.* Relevant here is that under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court denies Runnels's Motion for Compassionate Release. The Court first concludes that Runnels has not proven that he exhausted his administrative remedies. Next, the Court finds that he has not demonstrated extraordinary and compelling reasons that would warrant compassionate release.

A.   *Runnels Has Not Demonstrated Proof of Exhaustion.*

A court can only accept a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion

---

[2] When citing Runnels's Motion for Compassionate Release, the Court refences the CM/ECF pagination.

requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotation omitted) (emphasis in original).

Here, the Court finds that Runnels has not satisfied the exhaustion requirement. In support of his Motion, Runnels claimed that he submitted two requests for compassionate release to the Warden but never received a response. Doc. 798, Mot., 3. However, Runnels did not attach any evidence establishing the Warden actually *received* his letter. *Id.* Thus, Runnels has failed to meet his burden of proving that he exhausted his administrative remedies. *See Carrera*, 2020 WL 6545982, at *2. Even though Runnels failed to satisfy the exhaustion requirement, the Court will still address the merits of his Motion.

B.    *Runnels Has Not Demonstrated Extraordinary and Compelling Reasons for Compassionate Release.*

Runnels has not shown "extraordinary and compelling reasons" warranting compassionate release. Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL

1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.[3] But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). Considering Runnels's Motion in light of § 1B1.13, the Court concludes that Runnels has not provided "extraordinary and compelling reasons" warranting compassionate release.

Runnels argues that he is entitled to compassionate release because (1) he should not have received mandatory life sentences under 18 U.S.C. § 3559(c) and (2) his rehabilitation. Doc. 798, Mot., 7–9, 19. Neither ground warrants compassionate release.

First, the Court rejects Runnels's argument that he should not have received mandatory life sentences. Runnels received mandatory life sentences under 18 U.S.C. § 3559 because he had previously been convicted of two serious violent felonies: manslaughter and aggravated burglary. *See* 18 U.S.C. § 3559(c)(1)(A)(i) (providing that a defendant convicted of a serious violent felony must receive a life sentence if they have previously been convicted of "2 or more serious violent felonies"). Runnels contends that manslaughter and aggravated burglary are not serious violent felonies, which would mean that he should not have received mandatory life sentences under § 3559. Doc. 798,

---

[3] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1.

Mot., 7–8. However, "a prisoner cannot use [a motion for compassionate release] to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Thus, this argument does not warrant compassionate release.

And to the extent that Runnels argues that there have been intervening changes in the law establishing that manslaughter and aggravated burglary are not serious violent offenses, the Court disagrees. With respect to manslaughter, Runnels cites a Supreme court case from 2010. Doc. 798, Mot., 8 (citing *Johnson v. United States*, 559 U.S. 133 (2010)). Because this case was decided two years before Runnels was resentenced, the *Johnson* case did not create an intervening change in the law. And with respect to aggravated burglary, Runnels exclusively cites district court cases from outside the Fifth Circuit. *See* Doc. 798, Mot., 7–9. These decisions also do not constitute intervening changes in the law that would warrant compassionate release because "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *United States v. Williams*, No. 1:18-CR-37-HSO-JCG-1, 2025 WL 1020787, at *3 (S.D. Miss. Apr. 4, 2025) (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)). Accordingly, the Court rejects Runnels's first argument.

Second, Runnels's rehabilitation does not warrant compassionate release. *See* Doc. 798, Mot., 19. Runnels attached several letters to his Motion that explain how Runnels has rehabilitated himself while in prison. *Id.* at 31–42. Though the Court commends Runnels's extensive efforts on rehabilitation, "a defendant's rehabilitation is not alone sufficient to justify a sentence reduction under § 3582(c)(1)(A)." *See United States v. Howard*, No. 3:15-CR-00501-N-2, 2024 WL 3404611, at *3 (N.D. Tex. July 12, 2024) (Godbey, C.J.). Thus, the Court rejects Runnels's second ground for compassionate release.

In sum, Runnels's personal circumstances do not rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given these threshold obstacles to Runnels's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

Runnels's Motion to Reduce Sentence fails because he has not exhausted his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Runnels's Motion (Doc. 798) **WITHOUT PREJUDICE.**

By denying Runnels's Motion without prejudice, the Court permits Runnels to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

SO ORDERED.

SIGNED: August 14, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE